# UNITED STATES DISTRICT COURT
## Northern District of California
### San Francisco

| | |
|---|---|
| KUIANA TAYLOR,<br><br>        Plaintiff,<br><br>    v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>        Defendant.<br>_____/ | No. C 14-03555 CRB (LB)<br><br>**ORDER REGARDING THE PARTIES' JOINT DISCOVERY DISPUTE LETTER DATED MARCH 9, 2015**<br><br>[Re: ECF No. 33] |

## INTRODUCTION

Plaintiff Kuiana Taylor brings this sex-based discrimination and sexual harassment action against her former employer, Defendant City and County of San Francisco ("CCSF"), pursuant to Title VII of the Civil Rights Act of 1964 and the California Fair Employment and Housing Act. She seeks evidence regarding witnesses or comparators. (*See* Joint Letter Brief, ECF No. 33.) CCSF concedes that the information is relevant and does not allege burden. (*Id.*) It notes, however, that California Government Code § 10850 prohibits the disclosure of confidential information pertaining to applicants for or recipients of public services. (*Id.* at 4.) The district court referred the parties' pending discovery dispute to the undersigned for resolution. (Order of Reference, ECF 43.) At a hearing on March 19, 2015, the court ordered the discovery that Ms. Taylor seeks.

## STATEMENT

From October 2009 through October 2010, Ms. Taylor worked for CCSF as a Public Aide in its

ORDER (C 14-03555 CRB (LB))

Department of Public Works.  She alleges that, throughout the duration of her employment, she was repeatedly sexually harassed by her supervisor, Nelson Aguirre, who made repeated comments that were sexual in nature as well as multiple requests for sexual favors.  She further alleges that, although she refused these requests, rebuffed these comments, and complained to CCSF, the harassment was permitted to continue.

On November 26, 2014, Ms. Taylor propounded her First Request for Production of Documents.  Given the nature of this action, a number of requests seek documents that would contain the names of other former or current CCSF employees who may have witnessed the alleged sexual harassment, and/or who may have been subjected to similar harassment by employees or agents of CCSF.  According to Ms. Taylor, her document requests can be classified into four categories.  The first category, encompassing Ms. Taylor's Requests Six, Nine, Ten, Twelve, and Thirteen, seeks any complaints Ms. Taylor made to the Department of Human Resources and the EEOC as well as any communications that discuss her employment relationship with CCSF.  The second category, encompassing Ms. Taylor's Requests Three and Four, seeks organization charts, personnel lists, and employee rosters for the Department of Public Works, the Human Service Agency's JobsNOW! Public Service Trainee program ("Jobs Now Program"), and the Department of Human Resources.  The third category, encompassing Ms. Taylor's Requests One and Twenty, seeks documents that refer to her or CCSF's initial disclosures.  The fourth category, encompassing Ms. Taylor's Requests Seventeen, Eighteen, and Nineteen, seeks documents that refer to any complaints of harassment or discrimination against CCSF's Department of Public Works or Jobs Now Program, as well as documents that refer to CCSF's investigations and other actions taken in response to those complaints.

CCSF says that many of the former or current CCSF employees who may have witnessed the alleged sexual harassment, such as Ms. Taylor's co-workers, were or are participants in the Jobs Now Program.  Under that program, participants gain valuable work experience with the goal of moving away from reliance on public assistance and into the mainstream workforce.  The majority of the Jobs Now Program participants were recipients of or receive public social services.

Knowing this, CCSF responded to twelve of Ms. Taylor's twenty-two requests with the

following objection: "Welfare and Institutions (W&I) Code §10850. W&I Code section 10850 protects the privacy of individuals receiving public assistance. Thus, W&I Code section 10850 prevents [CCSF] from identifying the names of [Jobs Now Program] participants. W&I section 10850(d) states[,] [']Any person knowingly and intentionally violating this subdivision is guilty of a misdemeanor.['] [CCSF] is willing to identify [Jobs Now Program] participants after obtaining a court order allowing [CCSF] to provide such information in light of W &1 Code section 10850."

Following its written responses to Ms. Taylor's requests, CCSF produced 2,517 pages of documents, throughout which it had redacted all names or other identifying information of any current employees through CCSF's Jobs Now Program. In a subsequent telephonic meet-and-confer session, both parties acknowledged that the redactions render the documents (many of which involve internal investigations into Ms. Taylor's claims) virtually indecipherable. The parties also agree that the redacted names – including those of witnesses to Ms. Taylor's claims or other victims of similar harassment – are highly relevant to this matter. Nevertheless, CCSF maintains that it will not disclose such documents in the absence of a court order. In addition to the 2,517 pages of redacted documents previously produced, CCSF estimates that another 2,000 pages of documents are responsive to Ms. Taylor's requests. CCSF intends to prepare for production and produce these documents upon receipt of a court order on the parties' dispute.

## ANALYSIS

The California Evidence Code "declares authoritatively that evidentiary privileges . . . are governed by statute." *HLC Props., LTD v. Superior Court*, 35 Cal. 4th 54, 59 (Cal. 2005) (citing Cal. Evid. Code § 911 ("Except as otherwise provided by statute: . . . (b) No person has a privilege to refuse to disclose any matter or to refuse to produce any writing, object, or other thing. . . ."); *Moeller v. Superior Court*, 16 Cal. 4th 1124, 1129 (Cal. 1997)). "The party claiming a privilege shoulders the burden of showing that the evidence it seeks to suppress falls within the terms of an applicable statute." *Id.* (citing *People v. Gionis*, 9 Cal. 4th 1196, 1208 (Cal. 1995); *D.I. Chadbourne, Inc. v. Superior Court*, 60 Cal. 2d 723, 729 (Cal. 1964)).

Here, CCSF claims that the documents its has withheld are privileged under California Evidence Code § 1040(b), which provides in relevant part that "[a] public entity has a privilege to refuse to

ORDER (C 14-03555 CRB (LB))
3

disclose official information, and to prevent another from disclosing official information, if the privilege is claimed by a person authorized by the public entity to do so and . . . [d]isclosure is forbidden by . . . a statute of this state[.] . . ." California Welfare and Institutions Code § 10850, in turn, provides in relevant part:

> (a) Except as otherwise provided in this section, all applications and records concerning any individual made or kept by any public officer or agency in connection with the administration of any provision of this code relating to any form of public social services for which grants-in-aid are received by this state from the United States government shall be confidential, and shall not be open to examination for any purpose not directly connected with the administration of that program, or any investigation, prosecution, or criminal or civil proceeding conducted in connection with the administration of that program. The disclosure of any information that identifies by name or address any applicant for or recipient of these grants-in-aid to any committee or legislative body is prohibited, except as provided in subdivision (b).
>
> (b) Except as otherwise provided in this section, no person shall publish or disclose or permit or cause to be published or disclosed any list of persons receiving public social services. Any county welfare department in this state may release lists of applicants for, or recipients of, public social services, to any other county welfare department or the State Department of Social Services, and these lists or any other records shall be released when requested by any county welfare department or the State Department of Social Services. These lists or other records shall only be used for purposes directly connected with the administration of public social services. Except for those purposes, no person shall publish, disclose, or use or permit or cause to be published, disclosed, or used any confidential information pertaining to an applicant or recipient.
>
> . . .
>
> (d) . . . Any person knowingly and intentionally violating this subdivision is guilty of a misdemeanor.
>
> . . .

Cal. Wel. & Inst. Code § 10850(a), (b), (d). These subsections of § 10850 thus provide that three types of information are confidential. *See Haskins v. San Diego County Dep't of Pub. Welfare*, 100 Cal. App. 3d 961, 966-67 (Cal. Ct. App. 1980) (describing the three categories under the statute as it was then written); *Jonon v. Superior Court*, 93 Cal. App. 3d 683, 690-91 (Cal. Ct. App. 1979) (same). The first category covers "all applications and records concerning any individual made or kept by any public officer or agency in connection with the administration of . . . any form of public social services for which grants-in-aid are received by this state from the United States government." Cal. Wel. & Inst. Code § 10850(a). The second category is "information that identifies by name or

ORDER (C 14-03555 CRB (LB))
4

address any applicant for or recipient of these grants-in-aid to any committee or legislative body." *Id.* And the third category includes "any list of persons receiving public social services." Cal. Wel. & Inst. Code § 10850(b).

To show that the documents Ms. Taylor seeks fall within these one or more of these three categories, CCSF says that the documents "contain numerous references to [her] coworkers in the Jobs Now Program, and thus identify them as potential recipients of public social services." (3/9/2015 Joint Discovery Dispute Letter, ECF No. 33 at 6.)  The court discussed this issue with the parties at the March 19, 2015 hearing and concludes, for the reasons stated on the record, that the information discloses only information about potential (not actual) recipients and that disclosure can be made without revealing impermissibly the recipients' status (and thus without violating the statute). The court orders the discovery.

Moreover, the court fashioned the additional relief at the hearing that no one can refer (at a deposition for example) about witnesses' or potential comparators' status as actual or potential applicants for or recipients of public services.  Ms. Taylor agreed to this limitation and also agreed that the lawsuit implicates only claims of harassment and discrimination and not issues about receipt of public services.

## CONCLUSION

Ms. Taylor's motion is granted.  This disposes of ECF No. 33.

**IT IS SO ORDERED.**

Dated: March 20, 2015

_____
LAUREL BEELER
United States Magistrate Judge

ORDER (C 14-03555 CRB (LB))

5